UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12376-RGS

PAUL L. CECCHINI,           )
                            )
  Plaintiff                 )
                            )
vs.                         )
                            )
JAMES HUTT and,             )
HUTT TRUCKING, INC.,        )
                            )
  Defendants                )

**MEMORANDUM IN SUPPORT OF DEFENDANTS, JAMES HUTT
AND HUTT TRUCKING, INC.'S MOTION TO DISMISS PURSUANT
TO FEDERAL RULES OF CIVIL PROCEDURE RULE 4(M)**

RELEVANT PROCEEDURAL FACTS

This case arises from a complaint that was initially filed with the United States Equal Employment Opportunity Commission by Paul L. Cecchini. The complaint was also forwarded to the Commonwealth of Massachusetts Commission Against Discrimination to protect Mr. Cecchini's state and federal rights. (The correspondence attached as exhibit 1).

After a full investigation, the United States Equal Employment Opportunity Commission was unable to conclude that the information obtained established a violation of applicable statutes. (See Dismissal and Notice of Rights attached as exhibit 2). The Commonwealth of Massachusetts Commission Against Discrimination granted substantial weight to the EEOCs determination and dismissed the complaint for lack of probable cause. (See Notice of Final Disposition attached as exhibit 3).

The plaintiff filed this complaint with the United States District Court for the District of Massachusetts on November 9, 2004, two days before the expiration of the time within which he was permitted to file a lawsuit under federal law.

On March 18, 2005, the <u>summons only</u> was served upon the defendant, James Hutt. (See return of service attached as exhibit 4).

## DISCUSSION

The defendants request the Court dismiss the above captioned matter as the plaintiff did not effect service upon the defendants pursuant to the Federal Rules of Civil Procedure Rule 4(m). The Federal Rules of Civil Procedure Rule 4(c) states in relevant part:

> "4(c)(1) A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) ....
>
> 4(c)(h) unless otherwise provided by federal law, service upon a domestic or foreign corporation... shall be affected: (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer..."

Federal Rules of Civil Procedure Rule 4(m) states in relevant part:

> "If service of the summons and complaint is not made upon a defendant within 120 days after a filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant...."

Further, the Local Rules of the United States District Court for the District of Massachusetts state:

"Rule 4.1 Service of Process--Dismissal for Failure to Make Service

> (A) Any summons not returned with proof that it was served within one-hundred twenty (120) days of the filing of the complaint is deemed to be unserved for the purpose of Fed.R.Civ.P. 4(m).

3

>(B) Counsel and parties appearing pro se who seek to show good cause for the failure to make service within the 120 day period prescribed by Fed.R.Civ.P. 4(m) shall do so by filing a motion for enlargement of time under Fed.R.Civ.P. 6(b), together with a supporting affidavit. If on the tenth day following the expiration of the 120 day period good cause has not been shown as provided herein, the clerk shall forthwith automatically enter an order of dismissal for failure to effect service of process, without awaiting any further order of the court. The clerk shall furnish a copy of this local rule to counsel or pro se plaintiffs, together with the summons, and delivery of this copy by the clerk will constitute the notice required by Rule 4(m) Federal Rules of Civil Procedure. Such notice shall constitute the notice required by Fed.R.Civ.P. 4(m). No further notice need be given by the court.

Although filing the complaint will commence the civil action, service of the summons and complaint must be made "within 120 days after filing of the complaint." Fed.R.Civ.P. 4(m). As stated above, the local rule governing service of process provides that "[a]ny summons not returned with proof that it was served within one-hundred twenty (120) days of filing of the complaint is deemed to be unserved for the purpose of Fed.R.Civ.P. 4(m)." If the party responsible for making service has not done so or demonstrated good cause for an enlargement of time by the tenth day following the 120-day period for service, the clerk shall "automatically enter an order of dismissal for failure to effect service of process."

In this case, the plaintiff filed this complaint with the United States District Court for the District of Massachusetts on November 9, 2004, two days before the expiration of the time within which he was permitted to file a lawsuit under federal law. On March 18, 2005, 9 days past the 120 day deadline, only the summons was served upon the defendant, James Hutt. The complaint was never served upon the defendants, James Hutt or Hutt Trucking, Inc.

The plaintiff has not filed a motion for enlargement of time pursuant to Fed.R.Civ.P. 6(b). On the tenth day following the expiration of the 120 day period the plaintiff did not provide good cause for failure to effect service of process. Therefore, the defendants request this Court enter an order of dismissal for failure to effect service of process.

4

## CONCLUSION

WHEREFORE, for the foregoing reasons the defendants respectfully request the Court allow this motion.

_____
Francis J. Lynch, III, BBO 308 740
Holly K. Lemieux, BBO 564 560
Attorneys for the Defendant
LYNCH & LYNCH
45 Bristol Drive
South Easton, MA 02375
(508) 230-2500

## AFFIDAVIT OF SERVICE

I, Francis J. Lynch III/Holly K. Lemieux, hereby certify that on June 17, 2005, I served the foregoing Defendants', James Hutt and Hutt Trucking, Inc.'s Motion to Dismiss Pursuant to Federal Rules of Civil Procedure Rule 4(M) and memorandum in support thereof, in the above-entitled action by providing a copy thereof to the pro-se plaintiff by mailing a copy thereof fir first class mail and Certified Mail, Return Receipt No. 7099 3400 0002 9927 5721 to: Paul L. Cecchini, pro se plaintiff, 6 Stevin Drive, Woburn, MA 01801.

_____
Francis J. Lynch, III
Holly K. Lemieux

Jun 02 2004 5:28AM   HP LASERJET 3330                                    P.2

**Commonwealth of Massachusetts**
**Commission Against Discrimination**
**One Ashburton Place, Boston, Ma 02108**
**Telephone: (617) 994-6000  Fax: (617) 994-6024**

May 26, 2004

Hitt Trucking Company
Attn: Human Resources
35 Concord Street
North Reading, Ma 01864

                              RE: Paul L. Cecchini
                              VS: Hitt Trucking Company
        MCAD DOCKET NO: 04-BEM-01396
               EEOC NO: 161A400302

Dear Sir/Madam:

Enclosed is a copy of the above-referenced complaint that has been filed against you alleging unlawful discrimination in employment. This complaint was initially filed with the EEOC and has been forwarded to the MCAD to protect the Complainant's state and federal rights.

Initial processing of this complaint will be conducted by the EEOC unless the Complainant requests otherwise. You will be notified by the EEOC regarding this matter.

Sincerely,

Ying Mo
EEOC Project Coordinator

CC:
    Paul L. Cecchini
    6 Stevin Drive
    Woburn, Ma 01801

EXH 2

EEOC Form 161 (3/98)           **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: Paul L. Cecchini | From: Boston Area Office |
|---|---|
| 6 Stevin Drive | John F. Kennedy Fed Bldg |
| Woburn, MA 01801 | Government Ctr, Room 475 |
|  | Boston, MA 02203 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 161-2004-00302 | Susan M. Boscia, Investigator | (617) 565-3213 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*[signature]*
Robert L. Sanders,
Area Office Director

AUG 13 2004
(Date Mailed)

Enclosure(s)

cc: Jim Hutt, President
HUTT TRUCKING COMPANY
3292 M-40
Hamilton, MI 49419

Enclosure with EEOC
Form 161 (3/98)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice.** Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 -- not 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION -- Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

**IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.**

The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000  Fax: (617) 994-6024

## NOTICE OF FINAL DISPOSITION

9/8/2004

Paul L Cecchini
6 Stevin Drive
Woburn, MA 01801

Re:   Complainant(s)   Paul L Cecchini

Vs.

      Respondent(s)    Hitt Trucking Company
MCAD Docket Number: 04BEM01396
EEOC Charge Number: 161A400302

### LACK OF PROBABLE CAUSE FINDING

Dear Sir or Madam:

Please be advised that the Equal Employment Opportunity Commission has informed this Commission of a Final Determination in the above-referenced case dated 08/13/04.

We are in agreement with their decision and have granted substantial weight to the EEOC's determination to close your case for Lack of Probable Cause. Therefore, your complaint has been dismissed.

### APPEAL PROVISION AND PROCEDURE

If you wish to appeal the dismissal of your complaint, and believe that the finding of Lack of Probable Cause was incorrect, you may appeal to this Commission within ten (10) days after receipt by you of this notice. Your appeal of the dismissal must be made in writing by you or your attorney to the Appeals Clerk of this Commission (Attention: Nancy To).

Sincerely,

Walter J. Sullivan Jr.
Investigating Commissioner

YM 9/8/04

Cc:

Hitt Trucking Company
Attn: Human Resources
35 Concord Street
North Reading, MA 01864

MCAD Docket Number 04BEM01396, EEOC Notice of Final Disposition - LOPC

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of ___Massachusetts___

Paul Cecchini James Hutt
v. Hutt Trucking Co.

SUMMONS IN A CIVIL ACTION

CASE NUMBER:

04-12376-RGS

FILED
CLERKS OFFICE
2005 MAR 28 P 3:10
U.S. DISTRICT COURT
DISTRICT OF MASS

TO: (Name and address of Defendant)

James Hutt President
Hutt Trucking Co Inc
3292 M-40 Hamilton, MI 49419

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Paul L. Cecchini
6 Steven Dr.
Woburn, Ma. 01801

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK _____   DATE 3/18/05

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | March 18, 2005  11:38 am |
| NAME OF SERVER (PRINT) Frances Franklin | TITLE Process Server |

Check one box below to indicate appropriate method of service

☒ Served personally upon the defendant. Place where served: 1362 Lincoln Ave Holland, MI 49423

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  3/18/05
            Date             Signature of Server

Address of Server: 235 Fulton St. Ste 102 Grand Haven, MI 49417

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.