UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12376- RGS

PAUL L. CECCHINI

v.

JAMES HUTT and
HUTT TRUCKING, INC.

ORDER ON DEFENDANTS' MOTION TO DISMISS

July 28, 2005

STEARNS, D.J.

*Pro se* plaintiff Paul Cecchini filed this wrongful discharge action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213 (2000) (ADA) , against his former employer defendant Hutt Trucking, Inc. (HTI), and its president, James Hutt, for their alleged failure to accommodate his disability and for terminating him in retaliation for his request for an accommodation. Defendants move to dismiss, asserting that Cecchini failed to make proper service under Fed. R. Civ. P. 4(m).

BACKGROUND

On November 9, 2004, Cecchini brought this action alleging that HTI refused to allow him the work time necessary to treat his diabetes (by administering insulin injections and eating regularized snacks), thus failing to accommodate his disability. Cecchini attempted to serve HTI and Hutt through a deputy sherif in Allegan County, Michigan on March 2, 2005. The deputy was unable to make service because HTI had moved and the address for James Hutt's residence on the summons was incorrect. On March 18, 2005,

a process server left a summons for James Hutt at HTI at a location in Holland, Michigan.

On June 7, 2005, HTI and Hutt filed an answer denying Cecchini's allegations and challenging the service as improper. On June 20, 2005, the defendants filed a motion to dismiss, attesting that the summons was served on Hutt without a copy of the Complaint, and that no service was made on HTI. In a response, Cecchini maintains that service was made, as evidence of which he attaches affidavits of service provided by a process server in Grand Haven, Michigan. It is clear, however, from the affidavits that no Complaint was served on Hutt, nor was individual service made on HTI.

## DISCUSSION

Federal Rule of Civil Procedure 4(m) governs the timing of service of process and provides that:

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Under that provision, a court must extend the time for service of process if there is good cause shown for the delay. Coleman v. Milwaukee Bd. of School Directors, 290 F.3d 932, 933-34 (7th Cir. 2002). Even without a plaintiff's showing of "good cause," the court may in its discretion extend the period for service. Id. ("[C]ase law allows the district court to extend the time for service even if there was no good cause for the plaintiff's missing the deadline."). The determination whether to extend the time for service of process is based upon the following factors:

(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer . . . prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.

See Riverdale Mills Corp. v. U.S. Dept. of Transportation, 225 F.R.D. 393, 395 (D. Mass. 2005), citing In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001).

Defendants clearly have notice of Cecchini's complaint, and had prior knowledge of the claims as a result of Cecchini's filings with the Equal Employment Opportunity Commission (EEOC) and the Massachusetts Commission Against Discrimination (MCAD). Cecchinni has evidenced his good faith attempt at service, and would be fatally prejudiced by a dismissal as, according to defendants, any attempt to refile the Complaint would be barred by the statute of limitations. Consequently, the court for equitable reasons will extend the period for service for sixty (60) days, giving Cecchini until September 27, 2005 to serve the summons and Complaint upon Hutt and HTI, and to verify to the court by sworn affidavit within fourteen (14) days thereafter that proper service was made.

## ORDER

For the foregoing reasons, defendants' motion to dismiss is DENIED without prejudice.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE